Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Richard L. Chang**, <br><br> Plaintiff; <br><br> v. <br><br> **Zheng Tao Han,** an individual; <br> **Chi-Ming Wu a/k/a Fred Wu,** an individual; <br> **Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation; **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation; <br><br> Defendants. | Case No. 5:14-cv-00426-EJD <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Hearing Date: March 28, 2014, at 10a.m. <br> Courtrm:  4, 5th Floor <br><br> The Hon. Edward J. Davila |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

Plaintiff filed this case in the California Superior Court in and for the County of Santa Clara on January 3, 2014. On January 28, 2014, Defendants filed Notices of Removal to this Court based on a claim of diversity jurisdiction. Dkt. #1. Plaintiff filed a Motion to Remand based on facts surrounding the Biosuccess Defendant's principal place of business in Santa Clara County, California, which, paired with Plaintiff's residence and domicile in Laguna Woods, California, destroys diversity. Dkt. #9. Defendants opposed the motion to remand on the basis that their principal place of business moved to Taiwan. Dkt. #14. Plaintiff's Motion to Remand will be heard on Friday, March 28, 2014.

All parties have been served either by personal service or through counsel of record.

2. **FACTS**

**Plaintiff's Facts:** Professor Chang has been researching the compound known as 12-O-tetradecanoylphorbol-13-acetate ("TPA") since 1974 and has written numerous papers and given many lectures on the subject over the last three decades. Prof. Chang met Prof. Han in 1984 following an invitation as part of a program to train and mentor students in cancer research from the Henan Tumor Research Institute of Henan, China. Prof. Han studied under Prof. Chang's tutelage for two years in New Jersey as a result.

Professor Chang designed, directed, and oversaw clinical trials in New Jersey as well as in China. Professor Chang is also the first named inventor of registered US Patent No. 6,063,814 (the "'814 Patent") related to his TPA research, as well as a series of related patent applications.

Plaintiff contends that between August and October 2006, Professor Han signed two agreements with Biosuccess Biotech, Co., Ltd. ("Biosuccess"), the (superseding) second of which (1) set an annual salary of $125,000; (2) granted Professor Chang 18% ownership in Biosuccess; (3) allotted $2 million to Professor Chang; and (4) assigned Professor Chang's rights in the '814 Patent to Biosuccess (the "Final Agreement").

Plaintiff contends that since 2006 Biosuccess has failed to pay Professor Chang his full annual salary for any year, and has failed to pay any part of the $2 million guaranteed him under the Final Agreement. On January 18, 2013 Biosuccess sent a letter signed by its chairman of the

board, Fred Wu, terminating Professor Chang's relationship with Biosuccess. Biosuccess still has not paid Professor Chang the unpaid wages he is owed.

**Defendant's Facts:** Defendants disagree with all of the recitations of facts set forth by Plaintiff above. Defendant's positions are set forth in great detail in pending related litigation, as described below.

Indeed, the instant case shares many of the same parties and many of the same legal issues as the currently pending case in the Central District of California, captioned Richard Chang v. Biosuccess Biotech Co., Ltd., Case No. CV13-01340 JAK (ANx), first filed in February 2013 and which is currently set for trial on June 17, 2014 (the "Central District Kronstadt Case"). In his initial state court filing, Plaintiff Richard Chang even filed a Notice of Related Case indicating that this case was related to the Central District Kronstadt Case. The parties are actively in fact and expert discovery in the Central District Kronstadt Case.

One of the major issues in the Central District Kronstadt Case—that will certainly affect resolution of the instant case—is which agreement is the controlling assignment agreement. Plaintiff contends it is the Oct. 12, 2006 Agreement; Defendants contend that the agreement dated Aug. 30, 2006 was actually signed in September 2011 and was meant to supersede the Oct. 12, 2006 Agreement.

3. LEGAL ISSUES

**Plaintiff's Position:** The primary legal issue pending before the Court is whether it has diversity jurisdiction over this dispute. Plaintiff contends that the legal issues, assuming the Court finds subject matter jurisdiction over them, are whether the Defendants' conduct and statements constituted violations of California securites law under California Corporations Code 25400(D) for untrue statements Defendants made to Plaintiff concerning the sale of securities in the form of Biosuccess shares; whether Defendants violated the California Labor Code for failure to pay wages; whether Defendants breached their contractual oblibations to pay substantial sums of over $2M under the Final Agreement after Plaintiff executed his obligations in assigning his interest in the '814 Patent; whether the Defendants are *alter egos* of one another;

a declaration that Plaintiff was in fact in control and fully in charge of all patent-related work; and whether Defendant Han materially contributed to the invention of patent related work.

**Defendant's Position:** Defendants agree that this Court should first resolve the subject matter jurisdiction issue. It is worth mentioning here that Plaintiff Richard Chang filed the Central District Kronstadt Case against Biosuccess in February 2013 claiming that the Central District "has subject matter jurisdiction over this action pursuant to 28 U.S.C. [Section] 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs."

As indicated above, Plaintiff himself admits that a key legal issues include "a declaration that Plaintiff was in fact in control and fully in charge of all patent-related work; and whether Defendant Han materially contributed to the invention of patent related work." *See also* Count VI of the instant complaint, at paragraphs 80-84, where Plaintiff Chang seeks declaratory relief against Prof. Han "with regard to whether Defendant Han was a co-inventor on any patent or patent application with Plaintiff Chang, *i.e.* whether Defendant Han materially contributed to the patent or patent applications." This is manifestly a federal question under patent law. *See, e.g.*, 35 U.S.C. Section 256(b).

Once this Court decides it has subject matter jurisdiction, Defendants intend to do one or more of the following: (1) move to transfer this case to the Central District; (2) move to consolidate this case with the Central District Kronstadt Case trial; and/or (3) move to stay this case pending trial of the Central District Kronstadt Case.[1]

**4. MOTIONS**

Plaintiff Richard Chang filed a motion to remand this case to state court based on a lack of diversity jurisdiction. Defendants have opposed. Further motion practice will depend on the outcome of this pending motion to remand.

---

[1] Biosuccess was actually the first to initiate litigation, suing Richard Chang and Ben Chang in Santa Clara Superior Court in late January 2013, Case No. 113-cv-240580. On April 16, 2013, pursuant to the parties' stipulation, the Santa Clara Superior Court, The Hon. Mark H. Pierce, agreed to stay that state court case pending resolution of the Central District Kronstadt Case. Despite this stipulation, Plaintiff filed the instant litigation.

Once this Court decides it has subject matter jurisdiction, Defendants intend to do one or more of the following: (1) move to transfer this case to the Central District; (2) move to consolidate this case with the Central District Kronstadt Case trial; and/or (3) move to stay this case pending trial of the Central District Kronstadt Case.

**5. AMENDMENT OF PLEADINGS**

There have been no amendments to the pleadings and none are anticipated at this time.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

**7. DISCLOSURES**

The Parties will serve their initial disclosures under Rule 26(a)(1)(A) on or before April 3, 2014.

**8. DISCOVERY**

No discovery has yet taken place in this case.

No limitations or modifications of the discovery rules in the Federal Rules of Civil Procedure are anticipated at this time.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

**January 2013:** *Biosuccess Biotech Co. Ltd. v. Richard Chang and Ben Chang,* Case No. 113-CV-240580, Santa Clara County Superior Court, first filed in January 2013, and stayed as of April 16, 2013.

**February 2013:** *Richard L. Chang v. Biosuccess Biotech Co., Ltd.,* Case No.: 2:2013-cv-01340 JAK (ANx) Unites States District Court, Central District of California, first filed on February 2013; trial June 17, 2014.

**January 2014:** *Ben Chang v. Biosuccess Biotech, Co. Ltd., a Cayman Islands Corporation, Biosuccess Biotech, Co. Ltd., a Nevada Corporation, Chi-Ming Wu a/k/a Fred Wu, and Zheng Tao Han,* Case No.: 5:14-cv-00425-LHK, United States District Court, Northern District of California, first filed on January 2014 in Santa Clara County Superior Court (Case No. 114-cv-258568).

**January 2014:** *Biosuccess Biotech, Co., Ltd. v. Rich Pharmaceuticals, Inc., IMAGIC, LLC, Richard L. Chang Holdings LLC, and Ben Chang,* Case No.: CV14-00310-PA(JCGx), Unites States District Court, Central District of California, filed January 2014.

**11. RELIEF**

**Plaintiff's Position:** Richard Chang requests damages for the tortious conduct and breaches of contract, in an amount to be determined, but believed to be in excess of the $2M payment described in the Final Agreement (as defined above) and unpaid salary and wages in excess of $600,000 with interest and penalties. Richard Chang further requests interest, penalties, and punitive damages for his unpaid wages and other employment damages pursuant to California Labor Code sections 200, 203, 218.5, 226, 558, 1194 and 1994.2.

Richard Chang also requests a declaratory judgment that Plaintiff was in fact in control and fully in charge of all patent-related work and that Defendant Han did not materially contribute to the invention of patent related work.

**Defendant's Position:** Defendants intend to file counterclaims in this action once the jurisdictional issue is decided.

**12. SETTLEMENT AND ADR**

The parties have met and conferred about settlement and ADR options. In a related case in the Central District of California, the parties engaged in a mediation, though Plaintiff has changed counsel since that time.

Provided that the case is not remanded, the parties believe that a settlement conference before a magistrate judge is most likely to lead to a resolution of this matter. No additional

discovery or motions are necessary to negotiate a resolution. However, defendants would request that plaintiff Richard Chang be present in person for the settlement conference.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties did not consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

Certain issues may be narrowed by motion or stipulation following the conclusion of the trial of the case in the Central District of Calfiornia, and that trial is currently scheduled for June 17, 2014. No request to bifurcate issues, claims, or defenses is anticipated at this time, though both parties reserve their rights to request bifurcation at a later date.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case is suitable for the Court's expedited trial procedure under General Order 64.

**17. SCHEDULING**

If this Court decides it does not have subject matter jurisdiction, then no proposed calendar is necessary.

**PLAINTIFF'S PROPOSAL:**

| Event | Plaintiff's Proposed Date |
|---|---|
| 1. Rule 26(f) Conference | March 20, 2014 |
| 2. Initial Disclosures | April 3, 2014 |
| 3. Initial Case Management Conference | March 28, 2014 |
| 4. Deadline to Amend Pleadings and Join Other Parties | April 30, 2014 |
| 5. Preliminary Pretrial Conference | July 11, 2014 |
| 6. Fact Discovery Cut-Off | July 31, 2014 |
| 7. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | August 15, 2014 |
| 8. Parties Submit Rebuttal Expert Reports | September 8, 2014 |
| 9. Expert Discovery Cut-Off | September 30, 2014 |
| 10. Last Day to File Dispositive Motions | October 7, 2014 |

**Computerlaw Group LLP**
www.computerlaw.com℠

| Event | Plaintiff's Proposed Date |
|---|---|
| 11. Dispositive Motion Hearing | November 7, 2014 |

**DEFENDANT'S PROPOSAL:** Given the June 17, 2014 trial in the Central District Kronstadt Case, Defendants believe the following schedule should be entered:

| Event | Defendants' Proposed Date |
|---|---|
| 12. Rule 26(f) Conference | March 20, 2014 |
| 13. Initial Disclosures | April 3, 2014 |
| 14. Initial Case Management Conference | March 28, 2014 |
| 15. Deadline to Amend Pleadings and Join Other Parties | April 30, 2014 |
| 16. Preliminary Pretrial Conference | January 5, 2015 |
| 17. Fact Discovery Cut-Off | February 2, 2015 |
| 18. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | March 2, 2015 |
| 19. Parties Submit Rebuttal Expert Reports | March 30, 2015 |
| 20. Expert Discovery Cut-Off | April 20, 2015 |
| 21. Last Day to File Dispositive Motions | May 11, 2015 |
| 22. Dispositive Motion Hearing | June 15, 2015 |

**18. TRIAL**

**Plaintiff's Position:** The case will be tried to a jury and is expected to last five (5) days.

**Defendant's Position:** The case will be tried to either the judge or a jury and is expected to last at least ten (10) days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Pursuant to Civil L.R. 3-16, the Plaintiff certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: None.

Pursuant to Civil L.R. 3-16, the Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other

entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Richard Chang
2. Zheng Tao Han
3. Chi-Ming Wu a/k/a Fred Wu
4. Biosuccess Biotech Co., Ltd. (Cayman Islands)
5. Biosuccess Biotech Co., Ltd. (U.S.A.)

Dated: March 21, 2014

COMPUTERLAW GROUP LLP

By:  /s/ Christopher Sargent
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
PROFESSOR RICHARD L. CHANG

Dated: March 21, 2014

LEE TRAN & LIANG LLP

By:  /s/ Enoch Liang
Enoch Liang
Heather Ayang

Attorneys for Defendants
BIOSUCCESS BIOTECH, CO., LTD. *ET AL.*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

The Honorable Edward J. Davila