LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
enoch.liang@ltlw.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>BIOSUCCESS BIOTECH, CO., LTD., and DOES 1 through 10,<br><br>Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>**DEFENDANT BIOSUCCESS BIOTECH, CO., LTD.'S ANSWER TO PLAINTIFF'S CONDITIONAL COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |
| BIOSUCCESS BIOTECH, CO., LTD., and DOES 1 through 10,<br><br>Counterclaimants,<br><br>v.<br><br>RICHARD L. CHANG,<br><br>Counter-Defendant. | **JURY TRIAL DEMANDED**<br><br>Trial Date: May 13, 2014<br><br>Honorable John A. Kronstadt |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
CONDITIONAL COUNTERCLAIMS AND
AFFIRMATIVE DEFENSES
Case No. CV13-01340 JAK (ANx)**

Defendant Biosuccess Biotech, Co., Ltd. ("Biosuccess"), through its counsel, answers the allegations in the Conditional Counterclaims filed by Plaintiff Richard L. Chang ("Chang" or "Plaintiff"), as set forth below. Biosuccess hereby reserves the right to amend its Answer as additional information becomes available and additional defenses become apparent. Unless specifically admitted, Biosuccess denies each of the allegations of Plaintiff's Conditional Counterclaims.

## COUNT I

### (Breach of Contract)

## PARTIES

1. Biosuccess is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2. Biosuccess admits that Biosuccess Biotech, Co., Ltd. is a corporation organized under the laws of the Cayman Islands, with its principal place of business at 3333 Bowers Avenue, Suite 201, Santa Clara, California 95054.

## JURISDICTION AND VENUE

3. Biosuccess admits that Plaintiff attempts to assert claims as a declaratory judgment action. Biosuccess denies the remaining allegations in paragraph 3.

4. Biosuccess admits that Count II of Biosuccess' Counterclaims is titled "Breach of Contract – Failure to Fulfill Duties as the CTO/CSO;" Count III is titled "Breach of Contract – Assignment of the International Patent Applications;" and Count VI is titled "Unjust Enrichment." Biosuccess denies the remaining allegations in paragraph 4.

5. Biosuccess denies the allegations contained in paragraph 5.

6. Biosuccess denies the allegations contained in paragraph 6.

7. This paragraph contains Plaintiff's legal conclusions to which no

response is required. To the extent a response is deemed required, Biosuccess denies the allegations contained in paragraph 7.

8. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Biosuccess denies the allegations contained in paragraph 8.

9. Biosuccess admits that venue is proper in this District. Biosuccess denies the remaining allegations in paragraph 9.

## FACTUAL BACKGROUND

10. Biosuccess admits that, on its face, U.S. Patent No. 6,063,814 ("the '814 patent") duly and legally issued on May 16, 2000, and that Chang is one of the named inventors. Biosuccess denies the remaining allegations in paragraph 10.

11. Biosuccess admits that Chang and Biosuccess entered into an agreement titled "Assignment of Patent Right & Assignment of Right of Patent Application Agreement." Biosuccess denies the remaining allegations in paragraph 11.

12. Biosuccess admits that the Conditional Counterclaim alleges an "October 2006 Agreement." Biosuccess denies the remaining allegations in paragraph 12.

13. Biosuccess admits that the Conditional Counterclaim refers to "Section 5.1 of the October 2006 Agreement." Biosuccess denies the remaining allegations in paragraph 13.

14. Biosuccess denies the allegations contained in paragraph 14.

15. Biosuccess denies the allegations contained in paragraph 15.

16. Biosuccess admits that there is a letter dated January 18, 2013 to Chang from Biosuccess that states Biosuccess "must terminate [Chang's] employment starting 1/1/2013 because of [his] serious misconducts on work ethics." Biosuccess denies the remaining allegations in paragraph 16.

1  17. Biosuccess denies the allegations contained in paragraph 17.
2  18. Biosuccess denies the allegations contained in paragraph 18.
3  19. Biosuccess denies the allegations contained in paragraph 19.
4  20. Biosuccess denies the allegations contained in paragraph 20.
5  21. Biosuccess admits that the Conditional Counterclaim refers to "Section 5.3 of the October 2006 Agreement." Biosuccess denies the remaining allegations in paragraph 21.
8  22. Biosuccess admits that there is a letter dated January 22, 2013 from Chang to Biosuccess. Biosuccess denies the remaining allegations in paragraph 22.
10  23. Biosuccess admits that the Conditional Counterclaim refers to a March 25, 2013 letter, which does not exist. Biosuccess denies the allegations contained in paragraph 23.
13  24. Biosuccess denies the allegations contained in paragraph 24.
14  25. Biosuccess denies the allegations contained in paragraph 25.
15  26. Biosuccess denies the allegations contained in paragraph 26.
16  27. Biosuccess admits that on or about November 14, 2006, it filed an assignment document concerning the '814 patent in the United States Patent and Trademark Office. Biosuccess denies the remaining allegations in paragraph 27.
19  28. Biosuccess denies the allegations contained in paragraph 28.
20  29. Biosuccess admits that the Conditional Counterclaim refers to "provisional patent application 60/898,810." Biosuccess denies the remaining allegations in paragraph 29.
23  30. Biosuccess admits that the Conditional Counterclaim refers to "United States patent application 13/595,072, which claims priority from provisional application 60/898,810, is continuation of United States patent application 12/023,753." Biosuccess admits that on or about February 17, 2011, Biosuccess filed an assignment document concerning United States Patent Application No.

12/023,753 in the United States Patent and Trademark Office. Biosuccess denies the remaining allegations in paragraph 30.

31. Biosuccess denies the allegations contained in paragraph 31.

## COUNT II

### (Negligent Mismanagement)

32. Biosuccess incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

33. Biosuccess admits that Count II of Biosuccess' Counterclaims is titled "Breach of Contract – Failure to Fulfill Duties as the CTO/CSO;" Count IV is titled "Fraud;" Count V is titled "Negligent Misrepresentation;" and Count VII is titled "Breach of Fiduciary Duty." Biosuccess denies the remaining allegations in paragraph 33.

34. Biosuccess denies the allegations contained in paragraph 34.

35. Biosuccess denies the allegations contained in paragraph 35.

36. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Biosuccess denies the allegations contained in paragraph 36.

37. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Biosuccess denies the allegations contained in paragraph 37.

38. Biosuccess admits that venue is proper in this District. Biosuccess denies the remaining allegations in paragraph 38.

39. Biosuccess denies the allegations contained in paragraph 39.

40. Biosuccess denies the allegations contained in paragraph 40.

41. Biosuccess denies the allegations contained in paragraph 41.

42. Biosuccess admits that the Conditional Counterclaim refers to "Paragraph 3.1(b) of the October 2006 Agreement." Biosuccess denies the

remaining allegations in paragraph 42.

43. Biosuccess denies the allegations contained in paragraph 43.

### PRAYER FOR RELIEF

Biosuccess denies that Chang is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever. Each and every remaining allegation in Chang's prayer for relief is denied.

### AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers or defenses, Biosuccess asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Chang as a matter of law.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

44. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Breach of Contract)**

45. Plaintiff's claims should be denied because Plaintiff has breached the express terms of the alleged "October 2006 Agreement." Plaintiff's breach precludes any award of damages or equitable relief to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

46. Plaintiff's claims should be denied because Plaintiff breached the implied covenant of good faith and fair dealing that runs with every written contract, and this breach precludes an award of any damages or equitable relief to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
**(Prevention of Performance)**

47. Plaintiff breached the alleged "October 2006 Agreement" by failing to

timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Biosuccess' performance and discharging certain obligations on the part of Biosuccess.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Fulfill Conditions Precedent)

48. Any purported claim for breach of contract is barred to the extent Plaintiff failed to fulfill any contractual conditions precedent.

## SIXTH AFFIRMATIVE DEFENSE
### (Negligence or Fault)

49. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligent conduct or because Plaintiff is at fault in bringing about any alleged loss or harm he may have suffered.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

50. Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

51. Plaintiff's claims are barred by reason of acts, omissions, representations and courses of conduct by Plaintiff on which Biosuccess was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any claims in the Complaint or Conditional Counterclaims.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

52. Plaintiff has unreasonably delayed in bringing this action against Biosuccess. Such delay has resulted in prejudice to Biosuccess such that Plaintiff is barred, in whole or in part, from seeking any relief.

## TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

53. The claims made in the Complaint and Conditional Counterclaims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

54. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

55. Plaintiff is barred, in whole or in part, from seeking any relief by the operation of the applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Frivolous Action)**

56. Plaintiff is barred, in whole or in part, from seeking any relief because the Complaint and Conditional Counterclaims are frivolous and were filed in bad faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Lack of Irreparable Harm)**

57. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Biosuccess' actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction)**

58. Plaintiff's claims are barred for lack of subject matter jurisdiction.

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

59. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence and Ratification)

60. Plaintiff's claims are barred, in whole or in part, under the doctrine(s) of acquiescence and/or ratification.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Remote and Speculative Damages)

61. Plaintiff's claims are barred, in whole or in part, because the damages sought are excessively remote and speculative, and thus not cognizable, compensable or recoverable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

62. Plaintiff was fully aware of and consented to all of the alleged acts and/or conduct of Biosuccess.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Justification)

63. Plaintiff's Complaint and Conditional Counterclaims are barred on the ground that every action taken with respect to the conduct complained of in the Complaint and Conditional Counterclaims was justified.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

64. Plaintiff lacks standing to bring all or a portion of the purported claims and causes of action alleged in the Complaint and Conditional Counterclaims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

65. Plaintiff is barred from asserting any allegation in the Complaint and Conditional Counterclaims because any recovery by Plaintiff will result in unjust enrichment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Conduct)

66. Plaintiff's own conduct prevents him from recovering on the purported claims or causes of action set forth in the Complaint and Conditional Counterclaims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Apportionment)

67. The matters complained of in the Complaint and Conditional Counterclaims were proximately caused, in whole or in part, by the acts or omissions of Plaintiff. Thus, the liability of Plaintiff should be apportioned according to his respective degree of fault or other legal responsibility, and the liability, if any, of Biosuccess should be reduced accordingly.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Parol Evidence)

68. The parol evidence rule bars oral statements prior to and at the time of any final integrated written agreement.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

69. The purported claims and causes of action set forth in the Complaint and Conditional Counterclaims are barred, in whole or in part, because of lack of causation between Plaintiff's damages, if any, and the conduct of Biosuccess complained of therein.

///

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

70. The claims set forth in the Complaint and Conditional Counterclaims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Performance of Duties)

71. The Complaint and Conditional Counterclaims and each purported cause of action alleged therein are barred because Biosuccess fully performed any and all contractual and/or other duties it arguably owed to Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Join a Necessary and Indispensable Party)

72. Plaintiff's Complaint and Conditional Counterclaims should be dismissed for failure to join a necessary and indispensable party.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Novation)

73. Plaintiff's Complaint and Conditional Counterclaims should be dismissed because the October 2006 Agreement cannot be enforced because the parties substituted a new and different contract.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Modification or Amendment)

74. Plaintiff's Complaint and Conditional Counterclaims should be dismissed because the October 2006 Agreement was modified and/or amended.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

75. Biosuccess hereby reserves its right to amend this Answer and/or allege additional affirmative defenses in the event that any such additional affirmative defenses become available to Biosuccess.

## DEMAND FOR A JURY TRIAL

Defendant and counter-claimant Biosuccess hereby demands a jury trial on all issues so triable.

Dated: October 15, 2013

LEE TRAN LIANG & WANG LLP

By: _____
Enoch H. Liang
Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD.