LEE TRAN & LIANG LLP
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendants Zheng Tao Han,
Chi-Ming Wu a/k/a Fred Wu,
Biosuccess Biotech, Co. Ltd. (Cayman), and
Biosuccess Biotech, Co. Ltd., (Nevada)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD L. CHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZHENG TAO HAN, an individual; and CHI-MING WU A/K/A FRED WU, an individual, BIOSUCCESS BIOTECH, CO., LTD., a Cayman Islands Corporation, BIOSUCCESS BIOTECH, CO., LTD., a Nevada Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br><br>ZHENG TAO HAN, an individual, BIOSUCCESS BIOTECH, CO., LTD., a Cayman Islands Corporation, BIOSUCCESS BIOTECH, CO., LTD, a Nevada Limited Liability Company,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>RICHARD L. CHANG,<br><br>　　　　Counterclaim Defendant. | Case No. 5:14-cv-00426-EJD<br><br>Honorable Edward J. Davila<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA WHERE RELATED CASES ARE PENDING BEFORE JUDGE KRONSTADT [DKT. NO. 33 AND 50]** |

1  Defendants ZHENG TAO HAN; CHI-MING WU A/K/A FRED WU, BIOSUCCESS
2  BIOTECH, CO., LTD., a Cayman Islands Corporation, and BIOSUCCESS BIOTECH, CO.,
3  LTD., a Nevada Corporation (collectively "Defendants"), respectively, submit a decision issued
4  **today** from United States District Court Judge Lucy H. Koh (Case No.: 14-CV-00425-LHK (N.D.
5  Cal.)) as supplemental authority in support of Defendants' Motion to Transfer Venue to the
6  Central District of California Where Related Cases are Pending Before Judge Kronstadt
7  ("Defendants' Motion to Transfer"). [*See* Dkt. Nos. 33 and 50].

8  The Plaintiffs, Richard Chang and Ben Chang ("the Changs"), respectively, in <u>both</u> the
9  present case and case before Judge Koh filed essentially the same oppositions to Defendants'
10 motion to transfer. [*Compare* 5:14-cv-00426-EJD (Dkt. No. 43) *with* 14-CV-00425-LHK (Dkt.
11 No. 34) (attached hereto as **Exhibit B**)]. Today in the Ben Chang case, Judge Koh **granted**
12 Defendants' Motion to Transfer **without** the need for a hearing. [This decision is attached hereto
13 as **Exhibit A**]. Judge Koh analyzed whether transfer was proper under the well-established two
14 prong test: (1) whether the case could have been brought in the forum to which the moving party
15 seeks transfer; and (2) an individualized, case-by-case consideration of convenience and fairness
16 under 28 U.S.C. Section 1404(a). [Exhibit A at 3:11-4:13].

17 <u>As to the first prong</u>, Judge Koh found that Ben Chang could have brought his case in the
18 Central District and that "two actions with the same or similar parties are pending in the Central
19 District [before Judge Kronstadt]." [Exhibit A at 4:14-20]. The same is true for Richard Chang –
20 he is the plaintiff in the Central District case pending before Judge Kronstadt and the parties are
21 the same or substantially overlap.

22 <u>As to the second prong</u>, Judge Koh found that was "substantial overlap between the subject
23 matters of the two Central District actions and the instant case. All three cases arise out of various
24 employment relationships between **the Changs** [Richard Chang and Ben Chang] and the
25 Biosuccess entities. The overlapping nature of the cases has already started to raise issues that
26 would be better resolved by a single judge." [Exhibit A at 4:20-5:6].

27 Further, Judge Koh determined that the "discovery in the instant case will likely duplicate
28

substantial discovery already produced in the Central District actions." [Exhibit A at 5:7-16]. The same is true here.

Next, Judge Koh found that "Plaintiff himself will be a key witness in this employment case against his former employer, and Plaintiff resides in the Central District, as Plaintiff concedes in his Complaint. ECF No. 1-1, Ex. 3 ("Plaintiff . . . is an individual residing in Los Angeles, California."). To the extent that Defendants are key witnesses as well, they do not reside in this District, and in fact do not reside in the United States. ECF No. 19. Plaintiff has not pointed to any witnesses who reside in this District. Accordingly, the sole known witness who resides in the United States lives in the transferee district." [Exhibit A at 5:17-23]. Again, here the same is true. Richard Chang will be a witness is his employment case and concedes in his Complaint that he resides in "Orange County, Laguna Woods, California" [Dkt. No. No. 1-1], which is within the Central District. Likewise, the Defendants here do not reside in this District.

Finally, Judge Koh noted the familiarity of Judge Kronstadt with the parties and issues. [Exhibit A at 5:24-28]. Judge Koh summarized her decision and specifically referred to Plaintiff Richard Chang:

> In sum, Ben Chang, **Richard Chang**, Biosuccess, and Biosuccess's officers have four actions in federal court pending before three judges in two districts about a set of disputes arising out of the same employment relationships. None of the disputes arises out of any conduct in this District, nor has any party identified any witness who resides in this District. Moreover, the Central District of California case has progressed to a much later stage, and Judge Kronstadt is familiar with the parties and issues. Accordingly, the Court in its discretion finds that transferring the case to the Central District, where Plaintiff resides and where the earliest filed action is pending, will be the most efficient course and serve the interest of justice.

1  Here, the Court should respectfully reach the same conclusion as Judge Koh and grant

2  Defendants' Motion to Transfer, without the need for motion hearing and vacate The Case

3  Management Conference both set for **June 6, 2014**.

Dated: May 30, 2014

**LEE TRAN & LIANG LLP**

By: _____
Enoch H. Liang
Attorneys for Defendants Zheng Tao Han,
Chi-Ming Wu a/k/a Fred Wu,
Biosuccess Biotech, Co. Ltd. (Cayman), and
Biosuccess Biotech, Co. Ltd., (Nevada)

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEN CHANG, | Case No.: 14-CV-00425-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO TRANSFER |
| BIOSUCCESS BIOTECH, CO., a Cayman Islands corporation, and BIOSUCCESS BIOTECH CO., LTD., a Nevada corporation; CHI-MING WU a/k/a FRED WU, and ZHEN TAO HAN, | |
| Defendants. | |

Before the Court is Defendants' motion to transfer. *See* ECF No. 24. The motion has been fully briefed. *See* ECF Nos. 34, 40. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing set for June 5, 2014 at 1:30 p.m. The Case Management Conference set for June 5, 2014 at 1:30 p.m. is also VACATED. Having considered the briefing in the instant case and the relevant law, the Court GRANTS the motion to transfer.

**I.     BACKGROUND**

Plaintiff Ben Chang brought the instant lawsuit for violations of sections of the California Labor Code, breach of contract, and *quantum meruit* against four Defendants: (1); Biosuccess Biotech Co. Ltd., a corporation incorporated in the Cayman Islands ("Biosuccess Cayman") (2) a subsidiary of Biosuccess Cayman, Biosuccess Biotech Co. Ltd., a corporation incorporated in

1

Case No.: 14-CV-00425-LHK
ORDER GRANTING MOTION TO TRANSFER

Nevada ("Biosuccess USA");[1] (3) Zheng Tao Han, a director of Biosuccess; (4) Fred Wu, the Chairman of the Board of Directors of Biosuccess Cayman. *See* ECF No. 1, Ex. 3. The instant motion results from the fact that the parties in the instant litigation and Plaintiff's father, Richard Chang, are involved in four lawsuits that are pending before the federal courts.

The first of these actions was filed by Richard Chang in the Central District of California in February of 2013. *See* ECF No. 24-1, Ex. A. In that case, Richard Chang, an employee of Biosuccess, sued Biosuccess Cayman seeking declaratory relief that Richard Chang was the owner of three patent applications that were being prosecuted before the Patent and Trademark Office. *Id.* Moreover, defendants in that case filed counterclaims, and Ben Chang, Plaintiff in the instant action, is a counter-defendant. ECF No. 24-1, Ex. E. The second of these actions was filed by Biosuccess Cayman against Ben Chang and various entities associated with Ben Chang in the Central District of California on January 14, 2014. ECF No. 24-1, Ex. B. That case stated thirteen causes of action for various violations resulting from Ben Chang's employment with Biosuccess: (1) patent infringement, (2) copyright infringement, (3) misappropriation of trade secrets, (4) breach of fiduciary duty, (5) statutory unfair competition, (6) common law unfair competition, (7) violation of California Penal Code § 502, (8) trespass to chattels, (9) inducing breach of contract, (10) inducing breach of fiduciary duty, (11) conversion, (12) conspiracy, and (13) aiding and abetting. *Id.* The two Central District actions have been consolidated before Judge Kronstadt. *See* ECF No. 40-1.

Meanwhile, Ben Chang filed the instant lawsuit in Santa Clara County Superior Court on January 3, 2014 for violations of the California Labor Code, breach of contract, and *quantum meruit* arising out of Ben Chang's employment with Biosuccess. ECF No. 1, Ex. 3. The action was subsequently removed to this Court, ECF No. 1, and this Court denied Ben Chang's motion to remand after full briefing, ECF No. 19. Richard Chang, Plaintiff's father, brought a separate action in Santa Clara County Superior Court on January 3, 2014, against the same Defendants in this case. Case No. 14-426, ECF No. 1, Ex. 3. That case stated causes of action for interference with prospective economic advantage, securities fraud under California Corporations Code § 25400(D),

---

[1] The Court refers to Biosuccess Cayman and Biosuccess USA collectively as "Biosuccess."

2

Case No.: 14-CV-00425-LHK
ORDER GRANTING MOTION TO TRANSFER

violations of the California Labor Code, breach of contract, *quantum meruit*, and declaratory relief arising out of Richard Chang's employment by Biosuccess. *Id.* Just as in the instant case, Richard Chang's case was removed to federal court in this District, Case No. 14-426, ECF No. 1, but that case was assigned to Judge Davila. Like the undersigned did in the instant case, Judge Davila denied Richard Chang's motion to remand after full briefing. Case No.14-426, ECF No. 29. In both lawsuits, Defendants have filed counterclaims.

Now before the Court is Defendants' motion to transfer this case to the Central District of California. ECF No. 24. A similar motion is pending before Judge Davila. Case No. 14-426, ECF No. 33. Plaintiff opposes the motion to transfer, ECF No. 34, and Defendants have filed a reply in support. ECF No. 40.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

3

Case No.: 14-CV-00425-LHK
ORDER GRANTING MOTION TO TRANSFER

Pursuant to Section 1404(a), a court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

### III. DISCUSSION

At the first step of the two-part inquiry into whether transfer would be appropriate, the Court must consider whether the case could have been brought in the putative transferee district, here the Central District of California. Plaintiff, in his Opposition, does not point to any reason why this case could not have been brought in the Central District, and this Court could fine none. This Court has already found federal subject matter jurisdiction, ECF No. 19, and two actions with the same or similar parties are pending in the Central District.

On the second step, the Court concludes that factors of convenience and fairness favor transfer for three reasons. *First*, there is substantial overlap between the subject matters of the two Central District actions and the instant case. All three cases arise out of various employment relationships between the Changs and the Biosuccess entities.[2] The overlapping nature of the cases has already started to raise issues that would be better resolved by a single judge. Specifically, in

---

[2] Biosuccess' employment of Ben Chang is connected to Biosuccess' employment of Richard Chang because Richard Chang recommended that Biosuccess hire Ben Chang. ECF No. 18 ¶ 13. Judge Kronstadt has noted that the disputes between Ben Chang and Biosuccess and the disputes between Richard Chang and Biosuccess arise "from the same business relationships." ECF No. 40-1, Ex. 1.

4

Case No.: 14-CV-00425-LHK
ORDER GRANTING MOTION TO TRANSFER

1	the instant case, Biosuccess has filed counterclaims, ECF No. 18, which Plaintiff has moved to

2	dismiss on the basis that "Defendants' counterclaims are duplicative of claims filed in the Central

3	District of California," ECF No. 27. The Court does not determine whether the counterclaims do in

4	fact overlap with the claims in the Central District case against Ben Chang. Instead, the Court

5	merely notes that it would be more efficient and convenient for one judge to decide the instant case

6	and the two consolidated cases in the Central District of California to avoid inconsistent rulings.

7	*Second*, relatedly, discovery in the instant case will likely duplicate substantial discovery

8	already produced in the Central District actions. *See A. J. Indus., Inc. v. U.S. Dist. Court for Cent.*

9	*Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) (noting that "[t]he feasibility of consolidation

10	is a significant factor in a transfer decision although even the pendency of an action in another

11	district is important because of the positive effects it might have in possible consolidation of

12	discovery and convenience to witnesses and parties" (internal citations omitted)). Specifically,

13	Defendants represent that all parties to the instant action have been deposed in the Central District

14	action, which Plaintiff does not contest. While the discovery in the Central District cases may not

15	be identical to the discovery in the instant case, the Court concludes that there will be at least some

16	overlap, which advances efficiency and convenience.

17	*Third,* Plaintiff himself will be a key witness in this employment case against his former

18	employer, and Plaintiff resides in the Central District, as Plaintiff concedes in his Complaint. ECF

19	No. 1-1, Ex. 3 ("Plaintiff . . . is an individual residing in Los Angeles, California."). To the extent

20	that Defendants are key witnesses as well, they do not reside in this District, and in fact do not

21	reside in the United States. ECF No. 19. Plaintiff has not pointed to any witnesses who reside in

22	this District. Accordingly, the sole known witness who resides in the United States lives in the

23	transferee district.

24	Moreover, the parties in the first filed case in the Central District of California have

25	undertaken extensive discovery. ECF No. 24 at 2. Judge Kronstadt has already issued a summary

26	judgment ruling. ECF No 24-1, Ex. B. Judge Kronstadt recently continued the June 17, 2014 trial

27	date to September 30, 2014. ECF No. 40-1. Thus, Judge Kronstadt is already familiar with the

28	parties and issues.

5

Case No.: 14-CV-00425-LHK
ORDER GRANTING MOTION TO TRANSFER

In sum, Ben Chang, Richard Chang, Biosuccess, and Biosuccess's officers have four actions in federal court pending before three judges in two districts about a set of disputes arising out of the same employment relationships. None of the disputes arises out of any conduct in this District, nor has any party identified any witness who resides in this District. Moreover, the Central District of California case has progressed to a much later stage, and Judge Kronstadt is familiar with the parties and issues. Accordingly, the Court in its discretion finds that transferring the case to the Central District, where Plaintiff resides and where the earliest filed action is pending, will be the most efficient course and serve the interest of justice.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to transfer this case to the Central District of California. The Clerk shall transfer the case and close the case file in this District.

**IT IS SO ORDERED.**

Dated: May 30, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

# EXHIBIT B

| | |
|---|---|
| 1 | Jack Russo (Cal. Bar No. 96068)<br>Christopher Sargent (Cal. Bar No. 246285) |
| 2 | COMPUTERLAW GROUP LLP<br>401 Florence Street |
| 3 | Palo Alto, CA 94301<br>(650) 327-9800 |
| 4 | (650) 618-1863 fax<br>jrusso@computerlaw.com |
| 5 | csargent@computerlaw.com |
| 6 | Attorneys for Plaintiff<br>BEN CHANG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ben Chang,** an individual, | Case No. 5:14-cv-00425-LHK |
| Plaintiff, | **PLAINTIFF BEN CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |
| v. | |
| **Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation, and **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation; **Chi-Ming Wu a/k/a Fred Wu**, an individual; and **Zheng Tao Han**, an individual; | Hearing Date: June 5, 2014<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8, 4th Floor |
| Defendants. | |

# INTRODUCTION

As Biosuccess Biotech, Co., Ltd.'s ("Biosuccess") itself alleged in an Answer in another federal action, "Biosuccess admits that Biosuccess Biotech, Co., Ltd. is a corporation organized under the laws of the Cayman Islands, with **its principal place of business in at 3333 Bowers Avenue, Suite 201, Santa Clara, California 95054**." Answer in *Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al.,* Case No. CV13-01340 JAK ("Answer") at ¶ 2, attached as Exhibit 1 to the accompanying Request for Judicial Notice ("RJN") (emphasis added). Because Biosuccess is located within this District, venue is appropriation and should remain here.

# STATEMENT OF FACTS

On July 8, 2013, in *Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al.*, C.D. Cal., case no. 2:13-cv-01340-JAK (ANx), Biosuccess filed an Answer to Plaintiff Richard L. Chang's Complaint **admitting** that it was a "corporation organized under the laws of the Cayman Islands, with its principal place of business at 3333 Bowers Avenue, Suite 201, **Santa Clara, California 95054**." RJN Ex. 1 (emphasis added). Precisely the same language appears in Biosuccess' First Amended Answer filed on July 31, 2013 and Biosuccess' Answer to Plaintiff's Conditional Counterclaims and Affirmative Defenses filed on October 15, 2013. RJN Exs. 3 and 4.

Further, Biosuccess has made numerous filings with the United States Patent and Trademark Office listing Santa Clara, California as its address. RJN Exs. 1, 3, and 4. Biosuccess also advertises its address as being in California, and the LinkedIn page for Fred Wu, Biosuccess' chairman of the board, even lists his location as "United States." Declaration Of Christopher Sargent In Support Of Opposition To Motion To Transfer, at ¶¶ 2–3 and Exs. 1–2.

The Santa Clara address for Biosuccess, 3333 Bowers Avenue, is listed in the Yellow Pages online and the location is a medium-sized office complex. Biosuccess' name is listed in the directory of this office complex and a "Biosuccess" placard is on the door to the Biosuccess office. Declaration of Boris Lubarsky ("Lubarsky Decl."), Dkt. 9, at ¶¶ 2–4 and Exs. 1–4. Staff was present during a visit during business hours to the Biosuccess' office in Santa Clara. Lubarsky Decl. ¶ 5. Additionally, a person at the office confirmed that the office belonged to Biosuccess. Lubarsky Decl. ¶ 5.

# ARGUMENT

## I. BIOSUCCESS'S ADMITTED PRINCIPAL PLACE OF BUSINESS IS ITS MOST CONVENIENT FORUM.

The Court may transfer a case to another District Court "[f]or the convenience of parties and witnesses". 28 U.S.C. § 1404(a). Biosuccess's Motion claims that the Central District of California, where it has no offices, is a more convenient forum than the Northern District, where its central offices are. How can this be?

It is uncontroverted that Biosuccess maintains its central U.S. office in the city of Santa Clara, squarely within the territory of the Northern District of California.

## II. THE PENDING CENTRAL DISTRICT CASES ARE ABOUT ENTIRELY DIFFERENT SUBJECT MATTER.

The cases pending in the Central District are entirely about Federal intellectual property rights ownership, focusing on the questions of whether Biosuccess owns certain patent rights, whether it complied with its contracts with Ben and Richard Chang, and whether a third party is properly listed as an inventor on the applicable patents and patent applications.

The pair of cases pending here in the Northern District, however, are straightforward California state law employment cases in which Ben Chang and Dr. Richard L. Chang claim, among other things, back wages.

Thus, Biosuccess's judicial economy argument falls flat. Because the two pairs of cases are factually distinct, few benefits would result from a transfer. In addition, the Court should ask itself: Where, logically, would Biosuccess's relevant employment and other records be? Would they be in Santa Clara, where its principal office is, or would they be in Los Angeles, where it has no office and no staff? Of course those records are more likely to be in Santa Clara than Los Angeles (where Biosuccess has no offices).

## III. THE PENDING TRIAL IN THE CENTRAL DISTRICT WILL SOON BE OVER; THUS, THERE IS NO ADVANTAGE TO TRANSFERRING CASES THERE.

Biosuccess's judicial economy argument hinges on the familiarity with the issues of Judge Kronstadt in the Central District. However, the lead case before Judge Kronstadt goes to trial next month. RJN Ex. 2. That case, as discussed above, deals with Federal intellectual property rights; it has nothing to do with Ben and Richard Chang's California state law

Computerlaw Group LLP
www.computerlaw.com℠

employment claims. Any familiarity Judge Kronstadt has is thus limited to completely distinct issues and, more importantly, Judge Kronstadt will have finished with the cases before him by the time the Northern District employment law cases progress to any significant degree.

### CONCLUSION

Venue is proper in the Northern District of California, where Biosuccess's own principal U.S. office is, by its own admission. The cases pending in Los Angeles are about entirely unrelated subject matter. For these reasons, the Court should deny Biosuccess's Motion to Transfer Venue.

COMPUTERLAW GROUP LLP

Dated: May 21, 2014         By: /s/ Christopher Sargent
                                Jack Russo
                                Christopher Sargent

                                Attorneys for Plaintiff
                                BEN CHANG