UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD CHANG, | Case No.: 5:14-CV-00426-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER** |
| v. | |
| ZHENG TAO HAN, an individual; CHI-MING WU a/k/a/ FRED WU, an individual; BIOSUCCESS BIOTECH CO., LTD., a Cayman Islands corporation; BIOSUCCESS BIOTECH CO., LTD., a Nevada corporation; and DOES 1-50, inclusive, | **[Re: Docket No. 33]** |
| Defendant. | |

Presently before the Court is individual defendants Chi-Ming Wu and Zheng Tao Han and corporate defendants Biosuccess Biotech Co., Ltd. and its subsidiary, also named Biosuccess Biotech Co., Ltd.'s (collectively, "Defendants") Motion to Transfer Venue. Docket Item No. 33. This motion is fully briefed and the Court finds it suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b); accordingly the Court hereby VACATES the hearing set for June 6, 2014. Having considered the briefing and for the following reasons, the Court GRANTS Defendants' Motion to Transfer.

Plaintiff Richard Chang ("Plaintiff") filed this suit in Santa Clara County Superior Court on January 3, 2014. Complaint ("Compl."), Docket Item No. 1-1 Ex. 3. In his Complaint, Plaintiff alleges claims of interference with prospective economic advantage, securities fraud pursuant to California Corporations Code § 25401, California Labor Code violations, breach of contract,

1

Case No.: 5:14-CV-00426-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

quantum meruit, and declaratory relief as to inventorship and ownership of certain patents. Id. Defendants removed the action to this Court on January 28, 2014 on the basis of diversity jurisdiction. Notice of Removal ("Notice"), Docket Item No. 1. Plaintiff filed a motion to remand the case to Santa Clara County Superior Court on February 12, 2014, which this Court denied on April 21, 2014. Docket Item Nos. 9, 29. Defendants filed the instant motion to transfer to the Central District of California on May 7, 2014. Dkt. No. 33.

The instant action is one of four pending lawsuits involving these and related parties, two cases which are pending in this district and two which are pending in the Central District of California. The first Central District case—Richard Chang v. Biosuccess Biotech Co., Ltd., No. 13-CV-01340-JAK—was filed by Plaintiff on February 22, 2013, nearly a year before the instant case. Through the first Central District case, Plaintiff seeks declaratory relief that he is the owner of three patent applications being prosecuted before the Patent and Trademark Office. Decl. of Enoch H. Liang ISO Def. Mot. Transfer ("Liang Decl.") Ex. A, Docket Item No. 33-1. That case has made significant progress: the parties have taken numerous depositions, including those of Plaintiff, his son Ben Chang, who is a plaintiff in the co-pending cases, and defendants in this case Fred Wu and Zheng Tao Han, and the court has issued its summary judgment ruling. Liang Decl. ¶ 3-4, Dkt. No. 33-1. The second Central District case—Biosuccess Biotech Co., Ltd. v. Rich Pharmaceuticals Inc., et al., No. 14-CV-00310-JAK—was filed by Biosuccess, a defendant in this case, on January 14, 2014. The second Central District case involves patent, copyright, and trade secret infringement claims and state law claims against certain entity defendants related to Richard and Ben Chang. Liang Decl. Ex. C, Dkt. No. 33-1. The first and second Central District cases were consolidated by Judge Kronstadt on May 21, 2014. See Order Granting Def. Ex Parte Application for Order Cont'g Trial; Grt'g Pl. Ex Parte Application to Amend Compl.; and Consolidating Cases, No. 14-CV-00310-JAK (C.D. Cal.), Docket Item No. 41. The Court previously described the co-pending case in this district, Ben Chang v. Biosuccess Biotech Co., Ltd. No. 14-CV-00425-LHK, in its order denying Plaintiff's motion to remand. See Dkt. No. 29. On May 30, 2014, Judge Koh granted a motion to transfer that case to the Central District of

California.  See Order No. 14-CV-00425-LHK (N.D. Cal.), Dkt. No. 43.  Thus, the instant matter is the only co-pending case remaining in this district.

The Court has reviewed Plaintiff's Complaint, the instant Motion and its associated pleadings, and the relevant documents in the separate case before Judge Koh.  Having done so, the Court notes that the motions to transfer before this Court and before Judge Koh are substantially similar.  Given the similarity between the two cases and the two relevant motions, the Court agrees with Judge Koh's transfer analysis and adopts that analysis here.  See Case No. 14-CV-00425-LHK, Dkt. No. 43.  Particularly, the Court notes that this case could have originally been brought in the Central District and that the factors of convenience and fairness weigh in favor of a transfer because this case and the consolidated Central District case both arise out of Plaintiff's employment relationship with Defendants; the discovery required in this case may substantially overlap with that already taken in the Central District action; no relevant witnesses reside in this district; and, given the progress made in the Central District action, Judge Kronstadt is already deeply familiar with the parties, operative facts, and legal issues in these cases.

Accordingly Defendants' Motion to Transfer is GRANTED.  The clerk shall TRANSFER this case to the Central District of California.  Thereafter, the clerk shall CLOSE this file.

**IT IS SO ORDERED**

Dated: June 4, 2014

EDWARD J. DAVILA
United States District Judge